**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv66**

| | |
|---|---|
| **SYNOVUS BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **PATRICK COLEMAN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Pending before the Court is the Joint Motion to Consolidate [# 51]. The parties move to consolidate twelve separate cases for pre-trial purposes and discovery. Each of these cases was brought by Synovus Bank to recover unpaid money due to Plaintiff under a promissory note executed by the Defendants and secured by a deed of trust on real property. Defendants then filed counterclaims and third-party claims asserting numerous claims against Plaintiff and a number of Third-Party Defendants. The Court **DENIES** the motion [# 51].

**I.    Analysis**

Rule 42 of the Federal Rules of Civil Procedure provides that where multiple actions are before the Court that involve common questions of law or fact, the Court may consolidate the actions. Fed. R. Civ. P. 42(a). In considering whether

1

consolidation is appropriate, the Court should weigh the risk of prejudice and possible confusion from consolidating the cases with "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982); see also In re Cree, Inc., 219 F.R.D. 369, 371 (M.D.N.C. 2003). Ultimately, however, the decision whether to consolidate an action is within the broad discretion of the district court. A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977).

Upon a review of the parties' motion, the record in the various cases the parties seek to consolidate, and the various factors set forth in Arnold the Court finds that consolidation is not warranted. Although there are some common questions of law and fact as to the counterclaims and third party claims brought by the Defendants in these cases, the Plaintiff's claims against the individual Defendants are all separate and distinct. Moreover, resolution of the motions to dismiss the counterclaims and third party claims will partially depend on the specific factual allegations made by each Defendant. Consolidation would hinder

the Court's ability to ensure that only those claims that are properly pled go forward. Accordingly, the Court **DENIES** the Motion to Consolidate [# 51]. After this Court or the District Court has ruled on the motions to dismiss, the parties may renew their request to consolidate this case for purposes of discovery. In making such a motion, however, the parties should include a proposed consolidated discovery plan for the Court to consider.

**II.  Conclusion**

The Court **DENIES** the Motion to Consolidate [# 51].

Signed: January 23, 2012

Dennis L. Howell
United States Magistrate Judge